UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22988-Civ-GOLDBERG /TORRES

BUCKLEY TOWERS
CONDOMINIUM, INC.,

      Plaintiff,

v.

QBE INSURANCE CORPORATION,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Plaintiff's Bill of Costs/Motion to Tax Costs [D.E. 378] that was referred to the undersigned for disposition [D.E. 490]. The Court has reviewed the motion, response and reply, as well as the supporting record. The motion should be Granted in Part and Denied in Part.

### I.  BACKGROUND

On or about October 24, 2005, Hurricane Wilma struck Plaintiff, Buckley Towers ("Buckley") and caused significant damage to the property. Consequently, Buckley reported its claim to its insurance company, Defendant QBE Insurance ("QBE"), which failed to adjust the claim and provide any payments pursuant to the insurance contract.

At the trial in this case, which was held from February 2, 2009 through February 13, 2009, the jury found for Buckley on all of its claims and rejected all of

QBE's defenses. The verdict awarded Buckley $18,708,608 for replacement cost damages and $1,607,000 for law and ordinance coverage. [D.E. 340]. After application of the hurricane deductible, Buckley's award totaled $19,379,431. With interest and other matters, the verdict was reduced to final judgment in the amount of $24,986,750.87. [D.E. 431].

Following final judgment, we recommended, and the Court approved, that Buckley's motion for attorneys' fees be granted in part, as prevailing party in the action, for the total amount of $1,575,961.00, pursuant to Fla. Stat. § 627.428. [D.E. 458, 476].

On appeal of the final judgment, the Court of Appeals affirmed in part and vacated in part. [D.E. 488]. Although post-appeal matters may still remain to be adjudicated, it is clear that after review Buckley will still be entitled to a substantial monetary judgment in accordance with the jury's verdict, at least with respect to the actual cash value damages sought by Buckley and included in the final judgment, which may be in excess of $11,395.665. The record, therefore, fully supports Buckley's entitlement to an award of taxable costs, pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54, as the prevailing party in the action.

QBE's response in partial opposition [D.E. 416] does not challenge Buckley's entitlement to costs, but questioned the amounts requested in the bill of costs/motion.[1] The Court will address in turn the issues raised by QBE's response.

---

[1] Obviously the concession to entitlement generally is even more enforceable now that at least an amended final judgment is due to Buckley after review by the Eleventh Circuit.

## II. ANALYSIS

In diversity cases, federal law controls the award of costs. *Eugene v. 3Don & Partner Estate Group, LLC*, No. 07-80439-CIV, 2009 WL 996016, at *12 (S.D. Fla. Apr. 14, 2009). Fed. R. Civ. P. 54(d)(1) entitles a prevailing party to recover costs as a matter of course unless directed otherwise by a court or statute and creates a strong presumption in favor of awarding costs. "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). But a court may only tax as costs those expenses enumerated in 28 U.S.C. § 1920.[2] *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920).

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the costs requested fall outside the scope of this statute or were otherwise unreasonable. *See, e.g., Eugene,* 2009 WL 996016, at *14 (the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were

---

[2] The following costs are permitted under 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under 28 U.S.C. § 1923;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

Buckley has requested costs for filing fees, process server fees, transcript costs, witness fees, photocopying and interpreter fees.  QBE objects in part to the reasonableness of some of the costs sought, or to the inclusion of items that are not taxable under section 1920.

### A.  *Fees of the Clerk*

Buckley seeks an award of $350.00 for filing fees paid to the Clerk of the United States District Court for the Southern District of Florida.  Fees paid to the Clerk of the Court are taxable under 28 U.S.C. § 1920(1); *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). QBE does not contest this cost. Therefore, Buckley's request of $350.00 for fees of the clerk should be granted.

### B.  *Fees for Service of Summons and Subpoena*

Buckley seeks an award of $2,848.70 for private process server fees incurred in the service of subpoenas to third party individuals in discovery and for purposes of trial.  QBE, however, contends that the rates sought by the private process servers exceed the rates charged by the U.S. Marshal Service and are not taxable.

While 28 U.S.C. § 1920 only refers to fees of the clerk and marshal as taxable costs, in the Eleventh Circuit private process server fees may be taxed under §§ 1920(1) and 1921, so long as the taxable costs of the private process server are limited to the

statutory fees authorized by § 1921. *See EEOC*, 213 F.3d at 624.[3] QBE also objects to multiple service attempts that are included in the bill of costs.

The private process server fees sought by QBE are reasonable for the service provided and do not exceed the statutory fees available to the Marshal. The applicable rate for the Marshal is $55 per hour for each item served, not just $55 per subpoena. A review of the supporting materials provided shows that the amounts included in the bill of costs for private service fees are reasonable and should be granted. Notably, QBE has not made any challenge to a particular service fee to a particular witness, in the case of for instance a witness served with process unnecessarily. Instead QBE generally challenges the amount of the fees charged to Buckley and the multiple attempts. On this record, those challenges do not overcome the showing of reasonableness in this case.

C.   *Fees for Transcripts Necessarily Obtained for Use in the Case*

Buckley seeks reimbursement of court reporter fees in the total amount of $24,104.80, fo all or any part of the transcripts necessarily obtained for use in the case. QBE objects to the extent of the costs charged for this item, because they include transcripts for pre-suit witness statements and include non-recoverable items like expedited delivery fees and mini-transcripts.

---

[3] Under Section 1921(b) the Attorney General is authorized the regulate the fees that will be charged by the Marshal's service. *Am. Home Assurance Co. v. RAP Trucking Inc.*, No. 09-20080-CIV, 2010 WL 1573917 *2 (S.D. Fla. Mar. 23, 2010). The Attorney General prescribes a minimum fee of $55.00 per hour for "process served or executed personally... for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

Costs for deposition transcripts are taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *See EEOC*, 213 F.3d at 620-621 (noting that costs of deposition transcripts may be taxed where the transcripts were, either wholly or partially, "necessarily obtained for use in the case"). Whether transcripts have been "necessarily obtained for use in the case," or merely for the convenience of counsel, is to be determined on a case-by-case basis. *See, e.g., Desisto Coll., Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1998). In determining the necessity of a deposition, the deposition must only appear to have been reasonably necessary at the time it was taken, regardless of whether it was ultimately used at trial. *See EEOC,* 213 F.3d at 620-21. The burden lies with the challenging party to show that the deposition was not related to an issue in the case at the time it was taken. *Id.* at 621.

The Court finds that pre-suit transcription costs are not taxable under section 1920 as only litigation costs actually incurred in this suit fall under the statute. We also agree with QBE that some of the additional service charges included in the bill of costs are not taxable. The remaining transcription costs included in the motion are on the other hand recoverable and necessary in this case, which involved extensive discovery sought by both sides. Therefore, they are taxable under this sub-provision of § 1920.

The Court's review of the supporting materials shows that an across-the-board reduction in the transcript costs included in the motion will adequately address the Court's findings here. Rather than an item by item analysis, a twenty (20) percent

reduction in the costs included renders a more reasonable and taxable sum in this case. As QBE has not itemized any more specific reductions that should be made, the Court will rely upon its own evaluation of the record in reaching this conclusion. Therefore, the Court will recommend an award for this item of $19,283.84.

### D.     *Fees for Exemplification and Copies*

Buckley then seeks to recover $9,858.40 in costs incurred in obtaining copies of documents from third parties, having documents copied to be produced to QBE in response to QBE's requests for production, and copies for use by Buckley as exhibits at trial. QBE conclusorily objects to the reasonableness of the total amounts requested, as being either unnecessary or not supported.

Fees for exemplification and copies of papers "necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4). However, costs of copies made for the mere convenience of counsel are not taxable. *E.g., Cappeletti Bros., Inc. v. Broward County*, 754 F. Supp. 197, 198 (S.D. Fla. 1991). The dispositive question is whether the prevailing party could have reasonably believed that it was necessary to make the copies at issue. *EEOC*, 213 F.3d at 623. If so, "[p]hotocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable." *Desisto*, 718 F. Supp. at 913.

The burden lies on the moving party to show that the copies for which reimbursement is sought, were necessarily obtained for use in the case. *See id.* at 910, n. 1. The movant's failure to itemize copies necessarily obtained for use in the case and

those that were made for the mere convenience of counsel may result in a denial of an award of costs. *See id.* at 914 (declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

QBE argues here that Buckley has failed to meet its burden of showing that the copies in question were necessarily made for use in the case. Specifically, QBE contends that there is no basis upon which an appropriate award can be determined because Buckley's submissions fail to show whether or not the documents were copied merely for the convenience of counsel, and fail to indicate the number of pages copied or the cost per page which it requests.

Buckley claims that it only requested reimbursement of copy costs directly related to third party discovery necessary in this case, to QBE's request for production of documents, and for anticipated use at trial. Buckley argues that it has not requested reimbursement for internal costs of copying documents for the mere convenience of counsel; rather, it requested reimbursement for the costs of copying records held by entities likely to have information on Buckley's claims.

After reviewing the record supporting the request, we conclude that Buckley has for the most part met its burden of showing that the copies for which it seeks reimbursement were reasonably necessary for use in this case. We agree that the copies requested were necessary to obtain discovery to rebut QBE's defenses, and furthered the resolution of the case in Buckley's favor. And though there may be some excess copying charge included, they are not material enough for the Court to make

any reduction in the amount sought, especially where QBE has not identified in particular the types of copies that they believe are outside the parameters of the statute. Therefore, we will recommend that the entire amount requested for copies and exemplification be granted, as the amount here is reasonable given the nature and scope of the case.

### E.     *Other Costs*

QBE does not object to the witness attendance fees included in the motion, or to the interpreter costs incurred during trial. These types of costs are expressly provided for under the statute. Therefore, the Court will recommend that Buckley be awarded a total of $1,706.13 for these taxable items.

### III. CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that Plaintiff's Motion for Costs [D.E. 378] be **GRANTED** in part and **DENIED** in part. A cost judgment in the total amount of $34,047.07 should be entered in favor of Buckley and against QBE, as per Fed. R. Civ. P. 58.

Pursuant to S.D.Fla.Mag.J.R.4(b), the parties have fourteen days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of any finding in this Report and Recommendation and bar the parties from attacking on appeal the findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 1st day of March, 2011.

>  */s/ Edwin G. Torres*
> EDWIN G. TORRES
> United States Magistrate Judge